Samuel C. Kauffman, OSB #94352
Telephone: 503 228-3939
Fax: 503 226-0259
E-Mail: skauffman@gsblaw.com
Garvey Schubert Barer
Eleventh Floor
121 S.W. Morrison Street
Portland, Oregon  97204-3141

    Attorneys for Defendant
    Marya Ann Bolton

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>    v.<br><br>**MARYA ANN BOLTON,**<br><br>    Defendant. | Case No. 11-82-BR<br><br>**REQUEST FOR PRETRIAL DISCOVERY, RULE 12(B)(4) NOTICE, AND SUMMARY OF EXPERT TESTIMONY** |

**TO: Assistant United States Attorney Scott M. Kerin:**

    Defendant, Marya Ann Bolton, by and through Samuel C. Kauffman, attorney of record, does hereby request that the United States Attorney disclose, produce, and make available for examination and copying by defense counsel or his agents the following items, whether currently in the possession, custody, control, or knowledge of the United States Attorney, the agents or representatives of the United States Attorney, and/or any law enforcement agent, or which by the exercise of due diligence may become known to the attorneys for the government.

1.	Provide notice of the government's intention to use any physical evidence, or statements which the defendant is entitled to discover, so as to afford defendant an opportunity to suppress such evidence. Rule 12(b)(4) and Rule 41(h), Fed. R. Crim. P.[1]

2.	Provide defendant with access to, and/or copies of, any written, recorded, or unwritten or unrecorded statements made by the defendant. This request includes statements made to witnesses other than law enforcement officers at any time, and also includes any tape recorded conversations, whether person to person or telephonic, as well as any transcripts or enhanced audio tapes of such conversations. Rule 16(a) (l) (A) and (B); *United States v. Bailleux*, 685 F.2d 1105, 1114 (9th Cir. 1982).

3.	Identify and disclose any document and/or item of property obtained from the defendant (or which the prosecution contends belongs to the defendant) which is currently in the possession of the government, or any law enforcement agency, or was previously in the possession of any such entity.

4.	Disclose and provide copies of all state or federal reports relating the circumstances of any search involving the defendant or his property, each codefendant and his property, or any other search related to this case, listing the items seized and the information obtained as a result of these searches. This information is necessary to enable the defendant to prepare motions to suppress evidence. Rule 16(a)(l)(E); 12(b)(3), 12(b)(4), and 41(d), (f) and (h).

5.	Disclose and provide copies of all written or recorded statements of the defendant and any codefendant (including but not limited to grand jury testimony, telephone calls, depositions, etc.); see Rule 16 (a)(l)(A); *United States v. Bailleux*, 685 F.2d 1105, 1114 (9th Cir. 1982) ("government should disclose any statement made by the defendant that maybe relevant");

---

[1] All references to rules are to the Federal Rules of Criminal Procedure unless otherwise noted.

*United States v. Lanoue*, 7 1 F.3d 966 (1st Cir. 1 995) (conviction reversed because of Rule16 violation when government failed to turn over transcript of defendant's recorded telephone call with defense witness), *abrogated on different grounds by United States v. Watts*, 519 U.S. 148 (1998); *United Stales v. Alex*, 788 F. Supp. 101 3, 101 6 (N.D. 111. 1992) (where government "offered no compelling explanation" for nondisclosure of statements of codefendant, court exercises discretion to order disclosure).

   6. Disclose whether any eavesdropping, wiretapping, electronic recording, electronic or other audio enhancement devices were used in any fashion in this case. If any such devices were used, disclose the date, time, and place when such instruments were used and provide copies of any authorizing warrants, minimization logs, and/or applications for extension of authority to intercept. Produce and/or copy all tapes and/or tape transcripts generated by such electronic surveillance.

   7. Disclose whether any informants were utilized at any stage of the investigation of this case. As to each such informant, provide counsel with the name and address of said informants and the role which said informants played in the police investigation.

   8. Provide copies of all records, reports, or memoranda of federal investigative agencies or state and local law enforcement agencies, which describe, refer to or otherwise comment upon any informant involved in this case. This request includes, but is not limited to, records, reports, or memoranda which relate statements made by the informant to other persons, including law enforcement agents, as well as motives and reasons for the informant's cooperation with the government, i.e., whether the informant was paid for his services, whether promises were made to the informant in exchange for his services, or whether any action was taken by the government beneficial to the informant in exchange for his services. This request contemplates

production of any records, reports, or memoranda presently within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. *Roviaro v. United States*, 353 U.S. 53 (1957); U. S. Const. amend. VI.

9. Disclose and provide copies of all results of reports of physical or mental examinations and scientific tests or experiments, or copies thereof, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial. Rule l6 (a)(l)(F).

10. Disclose and provide copies of the conclusions and findings of any expert witness the government intends to call whether or not the expert has prepared a written report. *See United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983*); United States v. Eduardo-Franco*, 885 F.2d 1002, 1009 (2nd Cir. 1989). In responding to this request, defendant specifically requests that the government provide a written summary of any expert testimony it intends to use and/or introduce into evidence pursuant to Federal Rules of Evidence, Rules 702, 703, and 705, and disclose and provide copies of all supporting data relied on by any such potential witness expert. Federal Rule of Criminal Procedure 16(a)(l)(G); *United States v. Richmond*, 1 53 F.R.D. 7 (D. Mass. 1994) (disclosure of existing summaries of experts must occur "forthwith;" others no later than 45 days before trial); *United States v. Green*, 144 F.R.D. 631 (W.D. N.Y. 1992) ("[T]he government is directed to turn over to the defendants not only all scientific reports but also all findings, scientific and technical data upon which such reports are based."); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given to the defense to check conclusions and findings of experts"); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989) (defendant could not hire their own expert "until

they were informed of the adverse report of the government expert").

11.     Disclose and provide copies of all reports pertaining to fingerprint evidence in this case and/or reports describing any attempts to obtain fingerprints from any property or item pertaining to this case. Rule 16(a)(l)(F) and (a)(l)(G).

12.     Disclose whether any photograph or drawing relating to the criminal action or proceeding has been made or completed by a public servant engaged in law enforcement activity. If such items exist, provide counsel with copies of, or allow for inspection of, said photographs or drawings. If none are in existence at this time; but come into being at any time prior to or during trial, notify counsel of their existence immediately.

13.     Allow for inspection and copying of all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof which (1) are in the possession, custody or control of the government, or (2) which are material to the preparation of the defense or (3) are intended for use by the government as evidence in chief at the trial, or (4) were obtained from or (5) which belonged to the defendant. Rule 16(a)(l)(E).

14.     Provide a copy of the defendant's prior criminal record. Rule 16((a)(1)(D), *United States v. Audelo-Sanchez*, 923 F.2d 129 (9th Cir. 1991).

15.     Provide copies of all reports or memoranda relating to the inception and investigation of defendant. This request contemplates any reports or memoranda presently within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. *See Carringer v. Stewart*, 132 F.3d 463,479-80 (9th Cir. 1997) ("[T]he prosecution has a duty to learn of any exculpatory evidence known to others acting on the government's behalf.").

16.     Provide disclosure of original handwritten notes or memoranda of any agents of

the government, whether or not the original handwritten notes or memoranda have subsequently been included in another written report. *See United States v. Harris*, 543 F.2d 1247,1253 (9th Cir. 1976); *United Stales v. Layton*, 564 F. Supp 1391,1395 (D. Or. 1983) (notes of interview with defendant must be disclosed).

   17. Provide disclosure of the original handwritten notes or memoranda of any agent of the government, including notes made by prosecuting attorneys, regarding any of the statements made by prospective witnesses, whether or not the original notes have subsequently been included in other written reports. *United Stales v. Ogbuetti*, 18 F.3d 807,810 (9th Cir. 1994) (notes taken by prosecutor during witness interview are subject to disclosure).

   18. Provide the minutes and transcripts of the testimony before grand juries which heard evidence about the case. Disclose and provide copies of all notes or other writings or documents used by a prospective witness when testifying before the grand jury. *See United States v.Wallace*, 848 F.2d 1464, 1470 (9th Cir. 1988).

   19. Disclose and provide copies of any and all evidence which would be favorable to the defendant, exculpatory, or material to the defense, including but not limited to:

    a. The results of tests, experiments, examinations, searches or seizures, which produced evidence favorable to the defendant or failed to produce evidence tending to incriminate the defendant;

    b. The names(s) of any other person considered a possible suspect in this case, and/or any evidence (including, but not limited to, statements of persons interviewed by investigative agents in connection with this case which include the names of other persons connected with the commission of the offenses with which defendant is charged) which in any way indicates that other persons may have

committed, or aided in the commission of, these crimes;

c. A statement identifying any evidence in this case which the government has intentionally or inadvertently destroyed, or for whatever cause, no longer has within its possession. *Brady v. Maryland*, 373 U.S. 83 (1963);

d. Any evidence, information, testimony, transcripts, or statements indicating that any prospective prosecution witness on any occasion has given false, misleading, or contradictory information regarding the charges at issue or any other matter to any persons, including those involved in law enforcement and their agents or informers;

e. Any evidence, information, testimony, transcripts, or statements indicating that opinion, reputation or specific acts show that the complaining witness is not a truthful person or is a threatening, aggressive, or assaultive person;

f. Any evidence, information testimony, transcripts, or statements indicating that any prospective prosecution witness has given a statement which contradicts that of another potential prosecution witness;

g. Any evidence, information, testimony, transcripts, or statements indicating that any witness is biased or prejudiced regarding the defendant or the case in any way. *United States v. Bagley*, 473 U.S. 667 (1985);

20. Disclose all evidence of prior or subsequent bad acts by the defendant that the government intends to introduce at trial. F.R.E. 404(b) ("reasonable notice" required); *United States v. Baum*, 482 F.2d 1325, 1330-32 (2d Cir. 1973); *United States v. Cook*, 608 F.2d 1 175, 1 186 (9th Cir. 1979) (en banc) ("trial by ambush" is counterproductive and "advance planning" for ruling on motion in limine helps both parties and the court), *cert. denied*, 444 U.S. 1034; *United*

*States v. Foskey*, 636 F.2d 5 17,526 n. 8 (D.C. Cir. 1980) (government should give defense adequate notice of 404(b) evidence).

21. Provide access to the personnel files of each law enforcement agent who will testify in the case. The government is requested to examine such files for evidence that any officer has ever made a false statement or has a reputation for dishonesty. *United Stales v. Calise*, 996 F.2d 101 9, 102 1 (9th Cir. 1993); *United States v. Henthorn*, 93 1 F.2d 29 (9th Cir. 1991); *United States v. Kiszewski*, 877 F.2d 2 10, 2 1 6 (2nd Cir. 1989) (in- camera review of agent's personnel file necessary regarding bribery allegations); *see also Kyles v. Whitley*, 514 U.S. 41 9,437 (1995).

22. Disclose the names and addresses of all percipient witnesses interviewed by the government whom the government does not intend to call at the trial. *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

23. Disclose and provide copies of the arrest and conviction record of each prospective government witness. *United States v. Strifler*, 85 1 F.2d 1 197,1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed even if contained in witness's probation file); *Perkins v. Lefevre*, 691 F.2d 61 6 (2nd Cir. 1982); *United States v. Auten*, 632 F.2d 478,481 -82 (5th Cir. 1980). To satisfy this request, the government must search both national and local records. *United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991).

24. Disclose any and all evidence that a criminal case has recently been dismissed against any prospective government witness. *See United States v. Anderson*, 881 F.2d 1 128,1138-39 (D.C. Cir. 1989) ("prototypical form of bias").

25. Disclose any and all evidence that any prospective government witness has any criminal charge pending against him. *United States v. Fried*, 486 F.2d 201 (2nd Cir. 1973);

*United States v. Maynard*, 476 F.2d 1 170, 1 174 (D.C. Cir. 1973) (pending indictment relevant to bias and motive of witness).

26. Disclose any and all evidence that any prospective government witness is under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425,428 (2nd Cir. 1985).

27. Disclose any and all evidence of an express or implicit understanding, deals, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or his agent. *See Giglio v. United States*, 405 US 150 (1972) (agreement not to prosecute); *United States v. Schaffer*, 789 F.2d 682,689 (9th Cir. 1986) (moneys paid for ongoing undercover cooperation in another case); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *United States v. Risken*, 788 F.2d 1361, 1375 (8th Cir. 1986) (implied contingent fees); *United States v. Edwardo-Franco*, 885 F.2d 1002, 101 0 (2nd Cir. 1989) (earnings of informant in past cases); *United States v. Partin*, 493 F.2d 750,759 (5th Cir. 1974) ("protective" custody status, per diem and special privileges).

28. Disclose any and all evidence that any prospective witness has applied for or requested from the government any consideration or benefit including but not limited to any plea bargain, dismissal of any charge, sentence reduction or early parole, whether or not the government agreed to such a request. *Reutter v. Solem*, 888 F.2d 578,581 (8th Cir. 1989); *Brown v. Dugger*, 831F.2d 1547, 1558 (11th Cir. 1986).

29. Disclose any and all evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government "advice" to witness must be

disclosed); *Campbell v. Reid*, 594 F.2d 4,7 (4th Cir. 1979) (prosecutor's statement to the witness that he "would do the right thing" must be disclosed to the defense even if the witness is unaware of its exact meaning); *Dubose v. Lefevre*, 61 9 F.2d 973,978-79 (2nd Cir. 1980) (same).

      30.      Disclose details concerning the full scope of any witness' past cooperation with the government including but not limited to all moneys, benefits and promises received in exchange for cooperation, the full extent of the witness' assets, and the status of the witness' present and past income tax liability. *United States v. Shafer*, 789 F.2d 682,688-89 and n. 7 (9th Cir. 1988); *United States v. Eduardo-Franco*, 885 F.2d 1002, 101 0 (2nd Cir. 1989) (evidence of past services highly relevant to bias and interest).

      31.      Disclose and provide copies of all prior statements of any prospective witness relevant to his testimony or relevant to impeachment or bias of the witness. *See United States v. Brnmel-Alvarez*, 991 F.2d 1452 (9th Cir. Sept. 1992) (reversible error for failure to disclose informant's recantation of earlier statement and government agent's report critical of informant); *United States v. Tincher,* 907 F.2d 600 (6th Cir. 1990) (reversible error for prosecutor to withhold grand jury testimony of witness that contradicted his trial testimony).

      32.      Disclose any and all evidence that any prospective witness has made an inconsistent statement to the government or any of its agents with respect to his or her proposed testimony. *United States v. Isgro*, 974 F.2d 1091 (9th Cir. 1992); *McDowell v. Dixon*, 858 F.2d 945,949 (4th cir- l988), cert. denied, 109 S. Ct. 1 172 (1989) (reversible error to withhold victim's prior inconsistent statement to police about description of attacker); *Lindsey v. King*, 769 F.2d 1034,1041-43 (5th Cir. 1985) (reversible error to withhold eyewitness' original statement to police that he could not identify assailant); *Chavis v. North Carolina*, 637 F.2d 2 13,223 (4th Cir. 1980) (contradictory statements of witness must be disclosed); *Powell v. Wiman*, 287 F.2d

REQUEST FOR PRETRIAL DISCOVERY, RULE 12(b)(4) NOTICE, AND SUMMARY OF
EXPERT TESTIMONY
Page 10 of 15

275,279-80 (5th Cir. 1961) (same).

33. Disclose any and all evidence that any prospective government witness has made a statement inconsistent with or contradictory to any statement by any other person whether or not a prospective witness. *United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992); *Hudson v. Blackburn*, 601 F.2d 785,789 (5th Cir. 1979) (statement of police officer refuting witness' statement that he identified defendant at lineup); *United Slates v. Hibler*, 463 F.2d 455,460 (9th Cir. 1972) (statement of police officer casting doubt on story of witness).

34. Disclose any and all evidence that a witness has engaged in crimes though he has not been convicted of those crimes. *See United States v. Osorio*, 929 F.2d 753, 761 (1st Cir. 1991) (government has constitutional duty "to search for and produce impeachment information requested"); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (admission of witness to prosecutor that he engaged in several crimes should have been disclosed); *see United States v. Boffa*, 5 13 F. Supp. 444,500 (D.C. De. 1980) (prior bad acts of witness discoverable).

35. Disclose any and all evidence that any prospective government witness has ever made any false statement to law enforcement authorities. *See United States v. Bernal-Obeso*, 989 F.2d 33 1,337 (9th Cir. 1993); *United Slates v. Strifler*, 85 1 F.2d 1 197, 1202 (9th Cir. 1988) (probation file listing instances of the witness lying to authorities); *Brumel-Alvarez, supra*, (DEA agent's disbelief of informant).

36. Disclose any and all evidence that any witness has a tendency to lie or exaggerate his testimony. *United States v. Strifler*, 85 1 F.2d 1 197, 1202 (9th Cir. 1988) (must disclose probation file of witness showing tendency to lie or overcompensate).

37. Disclose any and all evidence that any prospective witness consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to his testimony. *See United*

*States v. Butler*, 481 F.2d 53 1, 534-535 (D.C. Cir. 1973) (drug use impairs memory judgment and credibility); *see United States v. Burnside*, 824 F. Supp. 12 15 (N.D. 111. 1993).

  38. Disclose and provide copies of any and all medical, psychological or psychiatric evidence tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired. *See United States v. Lindstrom*, 698 F.2d 11 54, 1 163-68 (11th Cir. 1983) (psychiatric records relevant to credibility); *Chavis v. North Carolina*, 637 F.2d 21 3,224 (4th Cir. 1980) (psychiatric records reflecting on the competency or credibility of witness); *Butler, supra*, 481 F.2d at 534-535 (drug use); *United States v. McFarland*, 371 F.2d 701, 705 (2nd Cir.) (prior hospitalizations of witness for mental illness), cert. denied, 387 U.S. 906 (1966); *Powell v. Wiman*, 287 F.2d 275,279 (5th Cir. 1961) (same).

  39. Disclose any and all evidence that a prospective government witness is biased or prejudiced against the defendant or has a motive to falsity or distort his testimony. *See United Slates v. Strifler*, 851 F.2d 1 197, 1202 (9th Cir.1988) (motive to inform discoverable, has a motive to lie, exaggerate or distort his testimony).

  40. Disclose any and all evidence that a prospective government witness has taken a polygraph examination and the result thereof. *See Carter v. Rafferty*, 826 F.2d 1299, 1305 (3rd Cir. 1987); *United States v. Lynn*, 856 F.2d 430,432-33 (1st Cir. 1988).

  41. Disclose any and all evidence that someone other than the defendant committed, or was ever suspected of committing, the crime charged. *Brady v. Maryland*, 373 U.S. 83 (1963) (statement of accomplice that he, not defendant, did actual shooting); *Miller v. Angliker*, 848 F.2d 13 12,132 1-23 (2nd Cir. 1988) (reversible error not to disclose evidence suggesting that person other than defendant committed murders); *Bowen v. Maynard,* 799 F.2d 593, 61 3 (10th Cir. 1986) (reversible error not to disclose existence of suspect who resembled defendant);

*Walker v. Lockhart*, 763 F.2d 942 (8th Cir. 1985) (en banc) (due process violated when police suppressed statement by prisoner arguably admitting that he committed the shooting for which the defendant was convicted); *Sellers v. Estelle*, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (failure to disclose police reports suggesting guilt of another, reversible error); *James v. Jago*, 575 F.2d 1 164, 1 168 (6th Cir. 1978) (error not to disclose statement of witness not mentioning defendant).

42. Disclose the name, address, and telephone number(s) of any person, whether or not he/she will be a witness, who could not identify the defendant or was unsure of the defendant's identity or the defendant's participation in the crime charged, and the content of any such statement. *See James v. Jago*, 575 F.2d 1 164,1168 (6th Cir. 1978) (statement of eyewitness to crime which did not mention defendant must be disclosed); *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968) (prosecution must disclose statement of witness casting doubt on defendant's identity); *United States v. Wilkins*, 326 F.2d 135 (2nd Cir. 1964) (reversible error to fail to disclose names of two witnesses who said that the defendant was not the bank robber after viewing him at police station).

42. Provide access to physical evidence tending to exculpate the defendant in whole or in part or tending to mitigate punishment. *See Miller v. Pate*, 386 U.S. 1 (1967) (evidence that clothing was covered with paint, not blood); *Brown v. Borg*, 95 1 F.2d 101 1 (9th Cir. 1991) (evidence that victim not robbed before she was killed); *United States v. Spagnoulo*, 960 F.2d 990,994 (11th Cir. 1992) (psychiatric report raising question as to defendant's sanity and competence); *Hillard v. Spaulding,* 71 9 F.2d 1443 (9th Cir. 1983) (sperm sample); *United States v. Biberfeld*, 957 F.2d 98, 102-03 (3rd Cir. 1992) (corroborating defendant's testimony and impeaching government witness); *Walker v. Lockhart*, 763 F.2d 942 (8th Cir. 1985) (en banc) (transcript of prisoner conversation in which he arguably admitted crime for which defendant on

trial); *United States v. Poole*, 379 F.2d 648 (7th Cir. 1967) (medical exam showing no evidence of sexual assault); *Barbee v. Warden, Maryland Penitentiary*, 33 1 F.2d 842 (4th Cir. 1964) (ballistics report showing gun in evidence was not the assault weapon); *Ashley v. Texas*, 319 F.2d 80 (psychologist's report that defendant was incompetent to stand trial); *United States v. Weintraub,* 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened mount of drugs attributable to the defendant).

43. Disclose any and all evidence mitigating the punishment of the defendant whether or not the sentence is pursuant to the guidelines. *Brady v. Maryland*, 373 U.S. 83 (1963) (accomplice statement that he, not defendant, was actual shooter mitigates punishment of defendant); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (guideline sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to defendant); *Lewis v. Lane*, 832 F.2d 1446 (7th Cir. 1987) (evidence that defendant not validly convicted of prior which made him death eligible).

44. Disclose the commencement and termination date of the grand jury that indicted the defendant. *In Re Grand Jury,* 903 F.2d 180 (3rd Cir. 1990); s*ee In Re Special Grand Jury* (for Alaska), 674 F.2d 778 (9th Cir. 1982) (defendant and public may have access to ministerial records of the grand jury); *Spagnoulo*, 960 F.2d 994 (psychiatric report).

45. Disclose the number (not names) of grand jurors attending each session of the grand jury and the number of grand jurors (not names) voting to indict. *See United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645,649 (9th Cir. 1980) (prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors vote to indict."); *United States v. Alter*, 482 F.2d 101 6, 1029 n. 21 (9th Cir. 1973)

(ministerial matters like court's legal instructions to grand jury must be disclosed).

46.     Identify by name every prospective government witness to be called at trial. *See Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (court has inherent authority to order discovery of names of witnesses); *United States v. Armstrong*, 621 F.2d 951, 954-55 (9th Cir. 1980); cf. *United States v. Tucker*, 71 6 F.2d 576, 583 (9th Cir. 1983) (ineffective assistance of counsel to fail to interview government witnesses before trial); *Callahan v. United States*, 37 1 F.2d 658, 660 (9th Cir. 1967) ("both sides have right to interview witnesses before trial").

47.     Disclose and provide copies of any and all presentence and/or probation reports prepared with respect to the individual(s) identified in response to question 46 above. *See United States v. Schlette*, 842 F.2d 1574, 1577 (9th Cir. 1988). The government is requested to seek the above information from each federal and state agency involved in this case. *Carringer v. Stewart*, 132 F.3d 463, 479-80 (9th Cir. 1997); *United States v. Osorio*, 929 F.2d 753 (1st Cir. 1991); *United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir. 1989).

DATED this 22nd day of April, 2011.

GARVEY SCHUBERT BARER

By  /s/ *Samuel C. Kauffman*
Samuel C. Kauffman, OSB #94352
Telephone: 503 228-3939
Fax: 503 226-0259
E-Mail: skauffman@gsblaw.com
Attorneys for Marya Ann Bolton

PDX_DOCS:464093.1